16-974-cr
*United States v. Horton*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

PRESENT:     JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                         *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                    16-974-cr

        v.

LEVI HORTON,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | MICHAEL S. BARNETT (Rajit S. Dosanjh, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Syracuse, NY. |
| **FOR DEFENDANT-APPELLANT:** | JAMES P. EGAN (Lisa A. Peebles, Federal Public Defender, Courtenay K. McKeon, Research & Writing Attorney, *on the brief*), Office of the Federal Public Defender, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Levi Horton ("Horton") appeals from a March 28, 2016 judgment of the District Court convicting him of violating the conditions of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We reference the background of the case only as necessary to explain our decision to affirm.

## BACKGROUND

On March 26, 2007, Horton pleaded guilty to one count of a five count indictment for possession of a computer containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On August 1, 2007, the District Court sentenced Horton to a term of imprisonment of 120 months to be followed by a ten-year term of supervised release. Horton's term of supervised release began on December 4, 2015.

On January 21, 2016, the United States Probation Office for the Northern District of New York filed a petition seeking revocation of Horton's supervised release based on (1) the possession of child pornography; (2) failure to update his sex offender registration after obtaining two new email accounts; and (3) unauthorized possession of a cellular telephone with internet capability. The District Court held a final revocation hearing on March 1, 2016, during which it determined that Horton was guilty of failing to update his sex offender registration and of unauthorized possession of an internet-capable telephone.[1] The District Court also heard testimony from Horton's probation officer, Kendra Rennie. Officer Rennie testified that Horton admitted he had saved and later deleted roughly fifteen images on his phone, and described the contents as including both naked adults and minors. Horton described to Office Rennie some of the pictures he had deleted, and told her he had viewed "child porn." J.A. 82. The District Court, however, reserved decision on the alleged child pornography violation pending supplemental briefing.

On March 22, 2016, the District Court resumed the final revocation hearing. It held that while none of the four recovered images from Horton's cellular telephone were child pornography, Horton's admission to Officer Rennie was sufficiently reliable to support a finding that he had

---

[1] Horton does not challenge on appeal either of these two findings.

2

violated the terms of his supervised release by possessing child pornography. The District Court sentenced Horton to five years of imprisonment, followed by a life term of supervised release.

## DISCUSSION

We review a district court's findings of supervised release violations for abuse of discretion. *See United States v. Edwards*, 834 F.3d 180, 199 (2d Cir. 2016). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Horton makes two arguments on appeal. First, he argues that the District Court abused its discretion in finding that Horton possessed child pornography because it relied solely on Horton's admission to Officer Rennie. Second, he argues that his life term of supervised release is substantively unreasonable. Both arguments are without merit.

First, sufficient evidence existed for the District Court to find by a preponderance of the evidence that Horton possessed child pornography. *See United States v. Carthen*, 681 F.3d 94, 99–100 (2d Cir. 2012) (violations of supervised release need only be proven by a preponderance of the evidence). Horton admitted to Officer Rennie that he downloaded and deleted approximately fifteen images. Among those images, Horton specifically described a set depicting naked thirteen or fourteen year-old boys with their legs spread and penises erect. He also expressly stated that there was "child porn" on his cellular telephone.

Horton's argument that his admissions about possessing child pornography alone are insufficient to find that he violated his supervised release is mistaken. Although "[i]t is a long-settled principle that an accused may not be convicted on his own uncorroborated confession" under the beyond-a-reasonable-doubt standard, *United States v. Bryce*, 208 F.3d 346, 354 (2d Cir. 1999) (internal quotation marks omitted), we have held that uncorroborated confessions are sufficient to satisfy the preponderance-of-the-evidence standard, *see United States v. Sasso*, 59 F.3d 341, 353 (2d Cir. 1995) ("Armienti's reliance on *Opper v. United States*, 348 U.S. 84, 89–90 (1954) . . . is misplaced, since that case dealt with the sufficiency of an uncorroborated confession to police to establish guilt at a criminal trial beyond a reasonable doubt, not with sufficiency to meet the preponderance standard applicable to sentencing."). Accordingly, Horton's admissions that he possessed child pornography were sufficient for the District Court to conclude, by a preponderance of the evidence, that he violated the conditions of his supervised release. The specificity of Horton's image descriptions, along with the pedophilic narrative and search terms found on Horton's telephone, provide further support for the District Court's finding.

3

Second, Horton's life sentence of supervised release is substantively reasonable. In reviewing claims of substantive unreasonableness, we consider "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion," and we "will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (internal quotation marks omitted) (emphasis in original). On the record before us, given the seriousness of Horton's conduct and the speed with which he violated the terms of his supervised release, we find that the District Court's sentence falls "within the range of permissible decisions." *Id.*

## CONCLUSION

We have reviewed all of the arguments raised by Horton on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 28, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk